CHRISTOPHER R. MILTENBERGER
Nevada Bar No. 10153
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: miltenbergerc@gtlaw.com

Bonnie MacNaughton (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104
Phone: (206) 622-3150
Email: bonniemacnaughton@dwt.com

Kelly M. Gorton (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Phone: (415) 276-6500
Email: kellygorton@dwt.com

Attorneys for Plaintiff
MICROSOFT CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHEAP TECH GUYS LLC, a Nevada Limited Liability Company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Microsoft Corporation ("Microsoft") brings this Complaint against Defendant Cheap Tech Guys LLC ("Cheap Tech Guys" or "Defendant"), and alleges as follows:

1

ACTIVE 55435620v1

## I. INTRODUCTION

1. This is an action for 1) contributory copyright infringement; 2) trademark infringement; 3) false designation of origin and false and misleading representations and descriptions of fact; and 4) trade dress infringement.

2. Defendant is a prolific distributor of black market Microsoft product activation keys for Microsoft software which it unlawfully advertises to consumers as genuine Microsoft software. The product activation keys being advertised and sold by Defendant are separated from the genuine, licensed Microsoft software they were intended and authorized to activate ("decoupled product keys").

3. As an integral part of its sales transactions, Defendant instructs its customers to obtain Microsoft software from Microsoft download sites. In order to activate and use the copies of software downloaded from Microsoft download sites, users are required to have a license for the software. The decoupled product keys sold by Defendant do not equate to licenses for Microsoft software. As a result, Defendant willfully contributes to the infringement of Microsoft's copyright-protected software by directing its customers to download and activate unlicensed copies of Microsoft software.

4. Furthermore, Defendant uses Microsoft's trademarks and trade dress in its marketing and sales materials without authorization to deceive consumers about the characteristics, origin, and authenticity of the software. In particular, Defendant deceives its customers into believing that this software is legally licensed for them to use, when it is not.

5. Decoupled product keys do not constitute or represent licenses for Microsoft software. Rather, they are technology tools that Microsoft provides customers and its supply chain partners to access, install and activate copies of legally licensed software. Unfortunately, these tools are sometimes unlawfully used by other third parties, such as Defendant here, to deceive unwitting consumers into acquiring copies of pirated and unlicensed software.

6. On information and belief, Defendant has made substantial profits from its unlawful sales of decoupled activation keys, all while falsely holding itself out to be a legitimate

distributor of licensed Microsoft software.  Defendant knew, or had reason to know, that it was facilitating, contributing to, and causing the unlawful copying of unlicensed Microsoft software.

7.     Defendant's unlawful sale of decoupled product keys hurts consumers, legitimate commerce, and the software business.  Customers are deceived into purchasing unlicensed and counterfeit copies of software when they think they are buying genuine, licensed software.  Businesses selling genuine licensed software are harmed when potential customers are lured away by lower-priced pirated software offerings.  Microsoft is harmed by Defendant's misuse and theft of its intellectual property.

8.     Microsoft seeks an order permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendant from further sales of decoupled product keys and an award of monetary damages to address Defendant's infringement of Microsoft intellectual property and other violations of the law.

## II.     PARTIES

9.     Plaintiff Microsoft Corporation is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft develops, markets, distributes, and licenses computer software, among other products and services.

10.    Defendant Cheap Tech Guys LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.  Cheap Tech Guys is a reseller of Microsoft products.

## III.    JURISDICTION & VENUE

11.    The Court has subject-matter jurisdiction over the federal claims alleged herein pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).  This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12.    The Court has personal jurisdiction over Defendant because it does business in the District of Nevada.

ACTIVE 55435620v1

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the instant claims occurred in Clark County, Nevada and Defendant's principal place of business is located within this District.

## IV.   FACTS

**A.   Software Piracy Harms Consumers, Legitimate Business, and the Economy**

14. The U.S. economy loses billions of dollars in revenues each year from software piracy—namely, the unauthorized and unlawful copying, downloading, and distributing of copyrighted and trademarked software and related components. Software developers, like Microsoft, create hundreds of thousands of technology jobs and are significant drivers of economic growth across the United States and globally. The theft of intellectual property negatively impacts software companies' revenues and the economic growth of countries around the world.

15. Software piracy also victimizes consumers who believe they are purchasing genuine, fully licensed products. As occurred in this case, distributors of pirated software deceive consumers by going to great lengths to market the software as licensed and authorized by Microsoft.

16. Legitimate technology businesses that follow the rules are also harmed by software piracy because their business is displaced by cheaper offerings from dishonest vendors who do not acquire and pay for licensed software. This harm is by no means limited to Microsoft. There are thousands of other technology vendors that distribute Microsoft software who are materially harmed by software piracy.

**B.   Infringed Microsoft Copyrights by Defendant**

17. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs for which it has duly registered copyrights. Microsoft sells licenses to use its software; it does not sell the software itself. Microsoft's software licensing agreements make clear to end users that they are acquiring a license to use the software and not title to the software. The licensing agreements contain limitations around the use of the software and place restrictions on transfer of the software license and accompanying components.

4

18. Microsoft's software programs include the following, among others:

   a) **Microsoft Windows 10:** Microsoft has developed, and advertises, markets, distributes, and licenses a computer operating system called Microsoft Windows 10 ("Windows 10"). Windows 10 is available in a number of different versions including Windows 10 Ultimate, Windows 10 Professional, Windows 10 Home Premium, and Windows 10 Enterprise. Microsoft holds a valid copyright in Windows 10 (Spring 2020 Update), the most expansive version of Windows 10. As a result, Microsoft's copyright in Windows 10 (Spring 2020 Update) encompasses all other versions of Windows 10. Microsoft's copyright in Windows 10 (Spring 2020 Update) was duly and properly registered with the United States Copyright Office, bearing the number TX 8-890-546, a true and correct copy of which is attached hereto as **Exhibit 1**.

   b) **Microsoft Office 2019:** Microsoft has developed, and advertises, markets, distributes, and licenses a suite of productivity software for business, home, and education use called Microsoft Office 2019 ("Office 2019"). Office 2019 is available in a number of different versions, each of which includes certain combinations of products, programs, and features. Versions of Office 2019 include Office 2019 Professional Plus, Office 2019 Home & Student, and Office 365 Professional. Microsoft holds a valid copyright in Office Professional Plus 2019, the most expansive version of Office 2019. This copyright encompasses all versions of Office 2019. Microsoft's copyright in Office Professional Plus 2019 was duly and properly registered with the United States Copyright Office, bearing the number TX 8-640-200, a true and correct copy of which is attached hereto as **Exhibit 2**.

   c) **Microsoft Office 2016:** Microsoft has developed, and advertises, markets, distributes, and licenses a suite of productivity software for business, home, and education use called Microsoft Office 2016 ("Office 2016"). Office 2016 is available in a number of different versions, each of which includes certain combinations of products, programs, and features. Versions of Office 2016 include Office 2016 Professional Plus, Office 2016 Home & Student, and Office 365 Professional. Microsoft holds a valid copyright in Office Professional Plus 2016, the most expansive version of Office 2016. This copyright encompasses

all versions of Office 2016.  Microsoft's copyright in Office Professional Plus 2016 was duly and properly registered with the United States Copyright Office, bearing the number TX 8-097-602, a true and correct copy of which is attached hereto as **Exhibit 3**.

        d)       **Microsoft Project 2019:**  Microsoft has developed, and advertises, markets, distributes, and licenses a software program of project management called Microsoft Project 2019 ("Project 2019").  Microsoft holds a valid copyright in Microsoft Project Professional 2019, the most expansive version of Project 2019.  This copyright encompasses all versions of Project 2019.  Microsoft's copyright in Microsoft Project Professional 2019 was duly and properly registered with the United States Copyright Office, bearing the number TX 8-727-066, a true and correct copy of which is attached hereto as **Exhibit 4**.

        e)       **Microsoft Visio 2019**:  Microsoft has developed, and advertises, markets, distributes, and licenses a software program for diagramming and vector graphics called Microsoft Visio 2019 ("Visio 2019"). Microsoft holds a valid copyright in Microsoft Visio Professional 2019, the most expansive version of Visio 2019, and this copyright encompasses all versions of Visio 2019.  Microsoft's copyright in Microsoft Visio Professional 2019 was duly and properly registered with the United States Copyright Office, bearing the number TX 8-727-070, a true and correct copy of which is attached hereto as **Exhibit 5**.

        f)       **Microsoft SQL Server 2019:**  Microsoft has developed, and advertises, markets, distributes, and licenses a computer software program for distributed relational database management and development called Microsoft SQL Server 2019 ("SQL Server 2019").  A registration application for Microsoft's copyright in SQL Server 2019 is pending with the United States Copyright Office.

    **C.**       **Infringed Microsoft Trademarks by Defendant**

    19.     Microsoft has developed, advertised, marketed, distributed, and licensed the above software and related components using various trademarks and service marks, and uses these marks to distinguish Microsoft's software and related components from the software or products of others in the same field or related fields.  Relevant to this case, Microsoft has duly

6

*ACTIVE 55435620v1*

and properly registered a number of trademarks and service marks in the United States Patent and Trademark Office on the Principal Register, including:

      a) "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for, inter alia, computer programs and computer programming services, a true and correct copy of which is attached hereto as **Exhibit 6**.

      b) "WINDOWS," Trademark Registration No. 1,872,264, for, inter alia, computer programs and manuals sold as a unit, a true and correct copy of which is attached hereto as **Exhibit 7**.

      c) "MICROSOFT CORPORATE COMPOSITE LOGO," Trademark and Service Mark Registration No. 4,552,363, for, inter alia, computer software, a true and correct copy of which is attached hereto as **Exhibit 8**.

      d) "MICROSOFT CORPORATE LOGO," Trademark and Service Mark Registration No. 4,560,827, for, inter alia, computer software, a true and correct copy of which is attached hereto as **Exhibit 9**.

      e) "OFFICE 2012 DESIGN," Trademark and Service Mark Registration No. 4,459,826, for, inter alia, computer software, a true and correct copy of which is attached hereto as **Exhibit 10**.

      f) "OFFICE WITH OFFICE 2012 DESIGN," Trademark Registration No. 4,456,462, for, inter alia, computer software, a true and correct copy of which is attached hereto as **Exhibit 11**.

      g) "EXCEL," Trademark Registration No. 2,942,050, for, inter alia, computer software, a true and correct copy of which is attached hereto as **Exhibit 12**.

      h) "POWERPOINT," Trademark Registration No. 1,475,795, for, inter alia, computer software, a true and correct copy of which is attached hereto as **Exhibit 13**.

      i) "ONENOTE," Trademark Registration No. 2,844,710, for, inter alia, computer software, also registered under Registration No. 4,251,355. A true and correct copy of the first-filed ONENOTE trademark registration is attached hereto as **Exhibit 14**.

       j)      "OUTLOOK," Trademark Registration No. 2,188,125, for, inter alia, computer software, also registered under Registration Nos. 4,255,129 and 4,423,056. A true and correct copy of the first-filed OUTLOOK trademark registration is attached hereto as **Exhibit 15**.

       k)      "MICROSOFT ACCESS," Trademark Registration No. 1,741,086, for, inter alia, computer software. A true and correct copy of the first-filed MICROSOFT ACCESS trademark registration is attached hereto as **Exhibit 16**.

       l)      "PROJECT LAUNCH ICON (2012)," Trademark Registration No. 4,355,450, for, inter alia, computer software. A true and correct copy of the first-filed PROJECT LAUNCH ICON (2012) trademark registration is attached hereto as **Exhibit 17**.

       m)      "PROJECT LAUNCH ICON (color)," Trademark Registration No. 5,068,834, for, inter alia, computer software. A true and correct copy of the first-filed PROJECT LAUNCH ICON (color) trademark registration is attached hereto as **Exhibit 18**.

       n)      "SQL SERVER," Trademark Registration No. 3,301,806, for, inter alia, computer programs for distributed relational database management and development. A true and correct copy of the first-filed SQL SERVER trademark registration is attached hereto as **Exhibit 19**.

       o)      "SERVER DESIGN," Trademark Registration No. 3,764,113, for, inter alia, computer software. A true and correct copy of the first-filed SQL SERVER DESIGN trademark registration is attached hereto as **Exhibit 20**.

       p)      "VISIO," Trademark Registration No. 1,838,372, for, inter alia, computer software, also registered under Registration No. 2,063,786. A true and correct copy of the first-filed VISIO trademark registration is attached hereto as **Exhibit 21.**

### D.   Microsoft's Anti-Piracy Tools and Technologies

20.   One important element of Microsoft's anti-piracy technology is product activation, which involves the activation of software through product activation keys. A Microsoft product activation key is a 25-character alphanumeric string generated by Microsoft and provided to customers and Original Equipment Manufacturers ("OEMs"). When customers and OEMs install copies of certain Microsoft software on a device, they are required to enter a

product activation key.  As part of the activation process, customers and, in some cases, OEMs, voluntarily contact Microsoft's activation servers over the Internet and transmit their product keys and other technical information about their device to the activation servers.

21. The activation process is analogous to the activation of credit cards or mobile phones with a code provided by the financial institution or the mobile carrier.  Because in certain instances copies of Microsoft's copyrighted software are capable of being installed on an unlimited number of computers, Microsoft relies on the product activation process to detect unauthorized use and protect consumers from the risks of non-genuine software.

22. Product activation keys are not a software license, nor do they constitute authorization from Microsoft to access or use software without the appropriate license.  Product activation is merely technology used by Microsoft to protect its intellectual property from unauthorized use, counterfeiting, and other forms of abuse.  Microsoft does not sell or otherwise provide product activation keys for software that is not licensed, nor does it authorize others to do so.

23. One prevalent facilitator of unauthorized software use is the unlawful distribution of Microsoft product activation keys that have been decoupled from the software they were authorized to activate.  Decoupled product activation keys are frequently "abused," meaning used to activate more copies of software than the license for the software they were intended to activate allows.

24. Distributors of these keys commonly instruct their customers, as in this case, to download copies of the software from Microsoft and then use the decoupled keys to activate the software.  In these instances, the customers downloading copies of the software do not purchase the required software license, and Microsoft is not paid for the software being used.  The global black market for decoupled product activation keys generates millions of dollars of illicit revenues for distributors.

ACTIVE 55435620v1

### E.   Defendant's Piracy Scheme

25.   As described above, Microsoft's investigations have revealed that Defendant is engaged in the widespread marketing and sale of decoupled product keys through its website cheaptechguys.com.

26.   In 2019 and 2020, Microsoft investigators purchased multiple decoupled product keys from Defendant's website.  In particular, Microsoft investigators made test purchases of what Defendant advertised as the following Microsoft software programs:  Office 2019 (multiple versions), Office 2016 (multiple versions), Project 2019 Professional, Windows 10 Professional, Visio Professional 2019, and SQL Server 2019 Standard.  In each instance, Defendant supplied the investigator with a decoupled product key that neither Defendant nor its customers were licensed to use to install and activate the advertised software program, and a link to a Microsoft download site that Defendant's customers were not authorized to use to install and activate Microsoft software without a software license.  The test purchases made by Microsoft investigators were fulfilled by Defendant with the following, among others:

   a. Decoupled product keys associated with Microsoft's Software Developer Network program and not authorized for redistribution;
   b. Decoupled product key associated with Microsoft's Action Pack Subscription program and not authorized for redistribution;
   c. Decoupled product keys distributed through programs outside the U.S. and authorized for use with specific Multi-National OEM systems;
   d. Decoupled academic program product keys intended for qualified educational users only and are not eligible for redistribution.

27.   Further, Microsoft's trademarks were used, without authorization, on the website and in Defendant's sales materials to market and advertise the purported Microsoft software, when in fact they were supplying decoupled product keys along with links to Microsoft websites that Defendant's customers were not authorized to download, activate and use copies of software without a software license.  Defendant's use of the Microsoft trademarks was intended to, and

10

ACTIVE 55435620v1

likely did, confuse consumers about the origin and authenticity of the software and their entitlement to use the software activated with the decoupled product keys.

### V.  CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
**Contributory Copyright Infringement**
**17 U.S.C. § 501**

28. Microsoft re-alleges all preceding paragraphs as though fully set forth in this Cause of Action.

29. Microsoft is the sole owner of the software programs listed in Paragraph 18 and of the corresponding copyrights and Certificates of Registration with the registration numbers listed in that Paragraph.

30. Defendant's customers unwittingly have infringed and continue to infringe Microsoft's copyright-protected software by using decoupled product keys to download, copy, and activate Microsoft software.

31. Defendant materially contributes to its customers' infringement by knowingly and intentionally sourcing and reselling decoupled product keys to be used by its customers to facilitate the downloading, copying, and activation of Microsoft's copyright-protected software from counterfeit download sites and Microsoft sites that Defendant's customers were not authorized to use without a software license.

32. At a minimum, Defendant acted with willful blindness to, or in reckless disregard of, Microsoft's intellectual property rights.

33. On information and belief, Defendant has committed, and continues to commit, acts contributing to the infringement of the Microsoft copyrights described above.

34. As a result of Defendant's wrongful conduct, Microsoft is entitled to recover its actual damages and Defendant's profits attributable to the infringement. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

35. The Court should enhance an award of statutory damages in accordance with 17 U.S.C. § 504(c)(2).

36. Microsoft is further entitled to injunctive relief and to an order impounding all unlawfully obtained decoupled product keys. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things: (a) Microsoft's copyright is unique and valuable property that has no readily determinable market value; (b) Defendant's infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

## SECOND CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. § 1114

37. Microsoft re-alleges all preceding paragraphs as though fully set forth in this Cause of Action.

38. Defendant's activities constitute infringement of Microsoft's federally registered trademarks with the registration numbers listed in Paragraph 19. Microsoft advertises, markets, distributes, and licenses its software and related components under the trademarks described above and uses these trademarks to distinguish Microsoft's software and related components from the software or products of others in the same or related fields.

39. Because of Microsoft's long, continuous, and exclusive use of these trademarks, they have come to mean—and are understood by customers, end users, and the public to signify—software programs and related components or services of Microsoft.

40. Defendant has been, and continues to be, involved in using Microsoft's registered trademarks in advertising, marketing, and offering decoupled product keys to be used by customers without Microsoft's authority to activate pirated and unlicensed software. Defendant is not licensed to use these registered trademarks.

41. Defendant's use of the trademarks in advertising, marketing, and offering software and product keys is likely to cause confusion, mistake, or deception as to the source, origin, or authenticity of the pirated and unlicensed software that Defendant induces its customers to download and activate.

ACTIVE 55435620v1

42. Further, Defendant's activities are likely to lead others to conclude, incorrectly, that the infringing materials that Defendant is advertising, marketing, installing, offering, and distributing originate with or are authorized by Microsoft, thereby harming Microsoft, its licensees, and the public.

43. At a minimum, Defendant acted with willful blindness to, or in reckless disregard of, Microsoft's registered marks.

44. As a result of Defendant's wrongful conduct, Microsoft is entitled to recover its actual damages, Defendant's profits attributable to the infringement, and treble damages and attorney fees under 15 U.S.C. § 1117(a) and (b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

45. Microsoft is further entitled to injunctive relief and to an order compelling the impoundment of all infringing and unauthorized materials.  Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things:  (a) Microsoft's trademarks and service mark are unique and valuable property that have no readily determinable market value; (b) Defendant's infringement constitutes harm to Microsoft's reputation and goodwill such that Microsoft could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendant's wrongful conduct, and the resulting harm to Microsoft, is continuing.

### THIRD CAUSE OF ACTION
**False Designation of Origin; False and Misleading Representations and Descriptions of Fact**
**15 U.S.C. § 1125**

46. Microsoft re-alleges all preceding paragraphs as though fully set forth in this Cause of Action.

47. Defendant has made false and misleading representations and descriptions of fact in connection with the offering for sale and sale of decoupled product keys to Microsoft software.

ACTIVE 55435620v1

48. Defendant's false and misleading representations and descriptions of fact were made in commercial advertising or promotion, including without limitation, in connection with the offer for sale and sale of unlicensed pirated Microsoft software.

49. Defendant's false and misleading representations and descriptions of fact misrepresent the nature, characteristics, qualities, or origin of the Microsoft software it advertises and distributes.

50. Defendant's use of Microsoft's name and trademarks and its false and misleading representations and descriptions of fact in interstate commerce in connection with its offer for sale of unlicensed pirated Microsoft software has either deceived or has the capacity to deceive a substantial segment of potential consumers. This deception is material because it is likely to influence consumers' purchasing decisions.

51. Defendant has used, and continues to use, Microsoft's name and trademarks referenced above to compete unfairly with Microsoft and to deceive customers.

52. Defendant's conduct constitutes false designation of origin and descriptions, in violation of 15 U.S.C. § 1125(a).

53. Defendant's wrongful conduct is likely to continue unless the Court restrains and enjoins it.

54. As a result of Defendant's wrongful conduct, Microsoft is entitled to recover its actual damages, Defendant's profits, and treble damages and attorney fees according to 15 U.S.C. § 1117.

55. Microsoft is also entitled to injunctive relief and to an order directing Defendant to stop marketing and advertising that they are providing legally licensing Microsoft software. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things: (a) Defendant's advertising, marketing, installation, or distribution of unlicensed Microsoft software constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (b) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

ACTIVE 55435620v1

# FOURTH CAUSE OF ACTION
## Trade Dress Infringement
### 15 U.S.C. § 1125

56. Microsoft re-alleges all preceding paragraphs as though fully set forth in this Cause of Action.

57. Microsoft's trade dress—specifically, the design for its software—is used in commerce, is non-functional, is inherently distinctive, and has acquired secondary meaning in the marketplace.

58. Microsoft's trade dress has acquired secondary meaning in the marketplace as a result of Microsoft's extensive advertising, Microsoft's sales success, and the length and exclusivity with which Microsoft has used its product packaging and design, among other factors.

59. Defendant is unfairly competing with Microsoft by adopting and advertising infringing trade dress to identify its goods and services.

60. The intent and result of Defendant's actions are to create the impression and perception that Defendant's goods and services emanate from or are endorsed by Microsoft, causing confusion, mistake, and deception among the public as to the source and origin of those goods and services.

61. Defendant's actions are intended to cause, have caused, and are likely to cause confusion, mistake, deception among consumers, the public, and the trade who recognize and associate Microsoft trade dress with Microsoft.

62. Moreover, Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the infringing products, or as to a possible affiliation, connection, or association between Microsoft, Defendant, and the infringing products.

63. Defendant's use of an infringing trade dress has caused, and unless restrained, will continue to cause injury to Microsoft.

ACTIVE 55435620v1

64. By using the same or a confusingly similar trade dress, Defendant has misrepresented the nature, origin, characteristics, and quality of its products, in violation of the Lanham Act (15 U.S.C. § 1125(a)).

65. By reason of Defendant's actions, Microsoft has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law, and thus, Microsoft is entitled to injunctive relief.

66. As a result of Defendant's wrongful conduct, Microsoft is entitled to recover its actual damages, Defendant's profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

Microsoft respectfully requests that the Court grant Microsoft the following relief:

1. Judgment in Microsoft's favor on all claims;

2. An order restraining and enjoining Defendant, its directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them from further violating Microsoft's rights with the form and scope of an injunction to be determined according to proof at trial;

3. An order under 15 U.S.C. § 1116 and 17 U.S.C. § 503 impounding all counterfeit or infringing copies of purported Microsoft software and any decoupled product activation keys, including related business records, that are in Defendant's possession or under its control;

4. An order declaring that Defendant hold in trust, as constructive trustees for the benefit of Microsoft, the illegal profits obtained from its sales of decoupled product keys and requiring Defendant to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendant's unlawful activities;

5. An order requiring that Defendant pay all general, special, actual, and statutory damages that Microsoft has sustained, or will sustain, as a consequence of its unlawful acts, and that such damages be enhanced, doubled, or trebled as provided by 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(b);

ACTIVE 55435620v1

6. An order requiring Defendant to pay to Microsoft the costs of this action and the reasonable attorneys' fees incurred in prosecuting it, as provided by 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

7. An order granting all other relief as the Court deems just and equitable.

DATED: February 19, 2021

By */s/ Christopher R. Miltenberger*
CHRISTOPHER R. MILTENBERGER
Nevada Bar No. 10153
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

Bonnie E. MacNaughton (*pro hac vice forthcoming*)
BonnieMacNaughton@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104

Kelly M. Gorton (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111

Attorneys for Plaintiff
MICROSOFT CORPORATION

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

17

ACTIVE 55435620v1